Eugene Y. Turin (SBN 342413)
McGuire Law, P.C.
1089 Willowcreek Road Suite 200
San Diego, CA 92131
Tel: (312) 893-7002
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JENNIFER TURNER, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 1:26-cv-03340-KES-EPG<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**<br><br>Date: August 3, 2026<br>Time: 1:30 pm PST<br>Crtrm.: 6<br><br>Judge: Hon. Kirk E. Sherriff<br>Magistrate Judge: Hon. Erica P. Grosjean |

Plaintiff Jennifer Turner ("Plaintiff") respectfully submits this Opposition to Defendant's Motion to Transfer (Dkt. No. 15-1) and states as follows:

## I. ARGUMENT

Defendant Google, LLC's ("Defendant") Motion to Transfer should be denied without prejudice for the simple reason that the Court needs to first address Plaintiff's Motion to Remand (Dkt. Nos. 12, 17, 19) before it can rule on whether transfer of venue is appropriate. Indeed, Defendant entirely fails to address the procedural posture of its Motion to Remand in its opening

brief, treating it as if it was filed in a case that was properly before the Court in the first place and where subject matter jurisdiction was not challenged. However, as Defendant itself states in its Motion to Transfer, "[t]ransfer under Section 1404(a) is proper if the action could have been brought in the other district court, and if transfer would be convenient for the parties and serve the interest of justice." (Mot. to Transfer at 7) (quoting *Ickes v. AMC Networks Inc.*, 2023 WL 4297577, at *4 (N.D. Cal. June 30, 2023). However, if there is no subject matter jurisdiction over Plaintiff's claims, then necessarily this action could not have been brought in *any* district court. Indeed, this is precisely what the Ninth Circuit and federal district courts in California have held when faced with the exact same procedural situation as that before the Court here. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) ("because a court may only transfer a case to a venue where the case could have been brought originally, questions regarding subject matter jurisdiction must be resolved before any such transfer"); *In re Caesars Ent. Operating Co., Inc.*, 588 B.R. 233, 237 (B.A.P. 9th Cir. 2018) ("Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer. ... Only in rare circumstances should transfer motions be considered before remand motions") (quoting *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. 15-cv-00687, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015) (collecting authorities); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) ("The Court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper").

As such Defendant's Motion to Transfer Venue should be denied without prejudice pending resolution of Plaintiff's Motion to Remand. To the extent that the Court finds that it has subject matter jurisdiction over Plaintiff's claims, then Defendant is free to refile its motion to transfer.

## II. CONCLUSION

Because the Court must first address whether it has subject matter jurisdiction over Plaintiff's claims, Defendant's Motion to Transfer Venue should be denied without prejudice.

Respectfully submitted,

Dated: June 25, 2026

/s/ *Eugene Y. Turin*

Eugene Y. Turin (SBN 342413)
McGuire Law, P.C.
1089 Willowcreek Road Suite 200
San Diego, CA 92131
Tel: (312) 893-7002
eturin@mcgpc.com

*Counsel for Plaintiff and the putative Class*

**CERTIFICATE OF SERVICE**

I, Eugene Y. Turin, do hereby certify that I served the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER on June 25, 2026 by causing said document to be filed with the Court's ECF system, which then sends an electronic copy to all counsel of record.

Date: June 25, 2026

/s/ *Eugene Y. Turin*
Eugene Y. Turin