UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TURNER, individually, and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>Defendant. | No. 1:26-cv-03340-KES-EPG<br><br>ORDER (I) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND, WITH LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND TO FILE A RENEWED MOTION TO REMAND, (II) GRANTING PLAINTIFF'S MOTION TO STAY, AND (III) STAYING DEFENDANT'S MOTION TO TRANSFER<br><br>Docs. 11, 13, 15 |

Before the Court is plaintiff Jennifer Turner's ("plaintiff" or "Turner"), motion to remand, Doc. 11, Turner's motion to stay the case pending resolution of the motion to remand, Doc. 13, and defendant Google LLC's ("defendant" or "Google") motion to transfer. Doc. 15. This matter is suitable for resolution without a hearing in accordance with Local Rule 230(g). For the reasons set forth below, the court DENIES WITHOUT PREJUDICE Turner's motion to remand, GRANTS Turner's request for jurisdictional discovery and to file a renewed motion to remand, GRANTS Turner's motion to stay, and STAYS this case pending jurisdictional discovery and the court's ruling on a renewed motion to remand and, if reached, the motion to transfer.

## I. BACKGROUND

On April 30, 2026, Google filed a notice of removal removing this action, which was originally filed in the Superior Court for the County of Madera, to this Court. Doc. 1 at 2. Turner

filed her complaint on March 23, 2026. Doc. 1-1 at 3. She alleged, on behalf of a putative class, that Google violated the California Invasion of Privacy Act, codified at Cal. Pen. Code § 630, *et seq.*, by using trackers to non-consensually "intercept and collect search terms" that website visitors enter when interacting with websites within Google's ad-network. *Id.* at ¶¶ 18–21. Turner alleged that Google does this to "send out live 'bid requests' to its advertising customers allowing them to bid to place an advertisement on a specific page viewed by a specific site visitor." *Id.* at ¶ 22. Turner's proposed class is: "All California residents who, on or after April 8, 2025, visited any website within Google's ad-network and had the contents of their communications with the website collected by Google and for whom Google does not have a record of consent to undertake such collection." *Id.* at ¶ 37.

Google alleges that this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat 4 ("CAFA"), codified at 28 U.S.C. § 1332(d). Doc. 1 at ¶ 8. As relevant here, CAFA provides district courts with original jurisdiction over class actions when: (1) the matter in controversy exceeds $5,000,000, exclusive of interests and costs; (2) the proposed plaintiff class has at least 100 members; and (3) any plaintiff class member is a citizen of a state different from any defendant. § 1332(d); *Bridewell-Sledge v. Blue Cross of Ca.*, 798 F.3d 923, 927–28 (9th Cir. 2015). Google alleges that the amount in controversy and numerosity requirements are satisfied as Turner alleged in her complaint that there are thousands of class members, Doc. 1 at ¶ 13, and seeks, in accordance with the civil remedy provided in the California Penal Code, $5,000 per violation. *Id.* at ¶ 17. Google also alleges that the diversity requirement is met. *Id.* at ¶ 14. This is because Google is a Delaware corporation with its principal place of business in California and, "[o]n information and belief, at least one member of the putative class is a citizen of a State other than Delaware and California." *Id.* at ¶¶ 15–16.

On May 29, 2026, Turner filed her motion to remand. Doc. 11 at 1. Turner does not dispute that the amount in controversy and numerosity requirements are met. *See* Doc. 12 at 4–5. Rather, Turner argues that Google fails to properly allege diversity based on "information and belief." *Id.* Alternatively, Turner argues that CAFA's mandatory home state exception applies.

*Id.* at 5. Under this exception, "[a] district court shall decline to exercise jurisdiction" when "two-thirds or more of the members" of the proposed class, "and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B). Turner further argues that if her filings do not satisfy this exception, jurisdictional discovery and an opportunity to renew her motion to remand are warranted. Doc. 12 at 5–6.

On June 12, 2026, Google filed an opposition to Turner's motion to remand, arguing that it satisfies CAFA jurisdiction, that Turner fails to satisfy the home state exception, and that jurisdictional discovery is not justified. Doc. 17 at 4–11. Turner filed a reply in support of her motion to remand on June 22, 2026. Doc. 19 at 2–6.

On June 11, 2026, Google filed a motion to transfer venue, seeking an order transferring this case to the Northern District of California. Doc. 15 at 2. It argues that transfer is warranted under the first-to-file rule as previously filed and similar class actions are pending in the Northern District. Doc. 15-1 at 2. It further argues that transfer is appropriate under 28 U.S.C. § 1404(a) as "[t]his case could have been brought in the Northern District of California, and the interests of justice strongly favor transfer." *Id.* On June 25, 2026, Turner filed an opposition to Google's motion to transfer, arguing that the motion should be denied without prejudice because the Court must first rule on Turner's motion to remand. Doc. 22 at 1–2. Turner argues that, as a requirement of transfer under § 1404(a) is that the action could have been brought in the transferee court, the Court must assess subject matter jurisdiction prior to resolving a motion to transfer. *Id.* at 2. On July 6, 2026, Google filed a reply in support of its motion to transfer. Doc. 25 at 1. Google argues that, because a motion to transfer is a non-merits motion, the court has discretion to address the motion to transfer first, and that it should exercise this discretion here as the Northern District is already "adjudicating multiple class actions asserting similar claims based on the same alleged underlying conduct." *Id.* at 3.

Turner also moves to stay the case pending a ruling on the motion to remand. Doc. 13 at 1. Turner argues that the Court should evaluate subject matter jurisdiction prior to proceeding to the merits of the case. Doc. 14 at 3. Additionally, noting that Google has an upcoming deadline to file a responsive pleading to the complaint, Turner argues "it would be a waste of time and

resources for the parties to brief any issues . . . when it is likely that the case will ultimately be remanded." *Id.* On June 12, Google filed a response to Turner's motion to stay noting that it "does not oppose" the motion, but "respectfully requests that the stay of proceedings remain in place until the Court has resolved both" Turner's motion to remand as well as Google's motion to transfer. Doc. 18 at 2. On June 22, 2026, Turner filed a reply in support of her motion to stay noting that she "agrees with" Google "that this case should be stayed in its entirety pending resolution" of both motions. Doc. 20 at 2. Google's current deadline to respond to the complaint is September 29, 2026. Doc. 28 at 2.

## II. LEGAL STANDARD

### A. Motion to Remand

A suit filed in state court may be removed to the district court for the district embracing the place where such action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Though "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

CAFA grants district courts original jurisdiction over any civil action in which (i) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, (ii) the proposed class of plaintiffs has at least one hundred members, and (iii) any member of the class of plaintiffs is a citizen of a state different from any defendant. § 1332(d); *Serrano v. 180 Connect*, *Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007). "Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices.'" *Serrano*, 478 F.3d at 1021 (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)). Congress intended CAFA to be interpreted expansively, and "[n]o antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922–24 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

"The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). District courts must decline

jurisdiction if the "home-state controversy" exception applies. *Serrano*, 478 F.3d at 1022–23. Under this exception, the district court "shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B).

### B. Motion to Transfer

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). "Under 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized case-by-case determination of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). Additionally, the first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

### C. Motion to Stay

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to grant a stay, the court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citation omitted).

## III. DISCUSSION

Before considering the motions, it is necessary to decide which motion to address first. Turner contends that, because the Court must assess subject matter jurisdiction prior to transfer, it must first address the motion to remand. Doc. 22 at 1–3. Google argues that, as a motion to transfer is not a decision on the merits, the Court has discretion to decide the motion to transfer before assessing its subject matter jurisdiction. Doc. 25 at 3.

It is proper to decide the motion to remand first. The Ninth Circuit has noted that "jurisdiction must be first found over the subject matter . . . before one reaches venue." *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965); *see also Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001) ("A court may not transfer an action for improper venue unless it has subject matter jurisdiction."); *Gradetech, Inc. v. Am. Emps. Grp.*, No. C 06 02991 WHA, 2006 WL 1806156, at *2 (N.D. Cal. June 29, 2006) ("In this circuit a court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper.").

Granted, some courts have argued that *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), allows discretion to consider a motion to transfer first. *See, e.g.*, *Core Litig. Tr. by & through Kravitz v. Apollo Glob. Mgmt., LLC*, No. 2:17-cv-00927 JFW (AGRx), 2017 WL 3045919, at *3 (C.D. Cal. Apr. 5, 2017). *Sinochem* held that a court may dismiss a case under the doctrine of *forum non conveniens* prior to conclusively establishing its own jurisdiction. *Sinochem*, 549 U.S. at 425. But the Court made clear that the specific question it addressed concerned dismissal under *forum non conveniens*. *Id.* Dismissal under this doctrine, which is appropriate when, for example, "the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," *Id.* at 429 (internal citation omitted), presents different issues than a motion to transfer venue.

Even assuming there is discretion to consider a motion to transfer before a motion to remand, there is not good reason to do so here. "Courts generally resolve remand prior to transfer." *Health Care Serv. Corp. v. Mallinckrodt ARD* LLC, No. 21-cv-00165-JSC, 2021 WL 2474272, at *2 (N.D. Cal. June 17, 2021). Considering transfer first may be appropriate in "rare circumstances," when, for example, jurisdiction presents "difficult questions." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV 15-cv-00687, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015). Given that a court can transfer an action only to a court "where it might have been brought," § 1404(a), the motion to transfer requires consideration of CAFA jurisdiction and relevant CAFA exceptions. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal.

2020); *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1004 (N.D. Cal. 2018). If the Northern District of California lacks CAFA jurisdiction or a CAFA exception applies, then the action could not have been brought in that district. As the disputed question of CAFA applicability must be decided regardless of whether the motion to remand or motion to transfer is addressed first, there is not good reason to depart from the standard course of addressing a motion to remand first.

**A. <u>Motion to Remand</u>**

For the reasons discussed below, while Google satisfies CAFA, Turner fails to establish applicability of the home state exception. But as there is a fair likelihood that jurisdictional discovery may allow Turner to meet her burden, jurisdictional discovery is appropriate.

**1. CAFA Jurisdiction**

CAFA requires that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, that the proposed plaintiff class has at least 100 members, and that a member of the class of plaintiffs is a citizen of a state different from any defendant. § 1332(d). The amount in controversy and numerosity requirements are not in dispute and are satisfied. "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). Google alleges, based on the uncontested allegations in the complaint, that there are thousands of class members, and that Turner seeks statutory damages in the amount of $5,000 per violation. Doc. 1 at ¶¶ 13, 17.

The minimal diversity requirement though is disputed. Google must show that at least one member of the class is not a citizen of either Delaware or California.[1] Google's burden depends on how Turner challenges diversity. A challenge to CAFA jurisdiction may be either facial or

---

[1] Google's states of citizenship are Delaware and California. A corporation is a "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." § 1332(c)(1). Google alleges that it is incorporated in Delaware and that its principal place of business is in California. Doc. 1 at ¶ 15. Turner does not dispute this. *See* Doc. 12 at 4–5.

factual. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). A facial attack "accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal citation omitted). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (internal citation omitted). "A factual attack by contrast, contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (internal citation omitted). "When a factual attack is mounted, the responding party must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context." *Id.* (internal citation omitted).

Turner's motion to remand presents a facial attack. She does not contest Google's allegation that at least one member of the class is not a citizen of either Delaware or California. Rather, Turner argues that Google's allegation of diversity based on information and belief is, on its face, insufficient. Doc. 12 at 4–5. Therefore, Google's allegations will be accepted as true.

Google has satisfied its burden. In a facial attack, a defendant does not have to provide any evidence of citizenship. *Ehrman v. Cox Comm'cns, Inc.*, 932 F.3d 1223, 1225 (9th Cir. 2019). "A party's allegations of minimal diversity may be based on 'information and belief.'" *Id.* at 1227 (quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)). A defendant does "not have to explain why it believe[d]" some of the class members were not citizens of particular states. *Id.* Google satisfies its burden by alleging "[o]n information and belief [that] at least one member of the putative class is a citizen of a State other than Delaware and California." Doc. 1 at ¶ 16.

**2. The Home State Exception**

Turner contends that even if there is jurisdiction under CAFA, the Court must decline jurisdiction under the home state exception because at least two-thirds of the members of the proposed class are citizens of California. Doc. 12 at 5–7. "The burden of establishing that a CAFA exception applies is on [plaintiff], as the party seeking to remand." *King v. Great Am.*

*Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Because Google factually contests Turner's argument, Doc. 17 at 8, the Court "makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon*, 736 F.3d ay 883–84; *King*, 903 F.3d at 878. "Although such a finding must be based on more than mere guesswork . . . the burden of proof on a plaintiff should not be exceptionally difficult to bear." *Adams v. West Marine Prods. Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (internal citations omitted). But "class definitions standing alone—without any evidence proferred—[are] insufficient to satisfy the plaintiff's burden." *Id.* at 1222; *Mondragon*, 736 F.3d at 883–84; *King*, 903 F.3d at 878.

Here, Turner has failed to provide evidence of citizenship and instead relies solely on the class definition. Turner argues that she meets the two-thirds requirement because "the proposed Class is expressly limited to California residents whose communications were allegedly collected by Defendant without consent." Doc. 12 at 5–6. But residency and citizenship are distinct, as one's citizenship is determined by one's domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Turner does not offer evidence of citizenship beyond this bare class definition based on residency.

*Mondragon v. Capital One Auto Finance* is directly on point. In that case, the Ninth Circuit vacated the district court's remand order under CAFA because there was no evidence that two-thirds of the class members were citizens of California. *Mondragon*, 736 F.3d at 881–84. The classes were defined to include those who had purchased vehicles for personal use to be registered in the State of California. *Id.* at 882–83. Though it was "likely that most of the prospective class members . . . were California citizens . . . [t]here [was] simply no evidence in the record." *Id.* at 884. "A complete lack of evidence does not satisfy [the] standard." *Id.* at 884. Similarly here, even if it is likely that two-thirds of the class members are citizens of California, Turner has provided no such evidence. Even if residency is a better indication of citizenship than purchasing a car to be registered in California, because Turner has provided no evidence that the class members are citizens as well as residents of California, she has not met her burden.

**3. Jurisdictional Discovery**

Alternatively, Turner seeks jurisdictional discovery. Doc. 12 at 6. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). "[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Id.*

On multiple occasions the Ninth Circuit has noted that a plaintiff who did not satisfy his burden under a CAFA exception should be given the opportunity to conduct jurisdictional discovery. *See Mondragon*, 736 F.3d at 886; *King*, 903 F.3d at 880–81. In evaluating whether to grant jurisdictional discovery, courts consider factors including the strength of the jurisdictional allegations and the efficaciousness of the proposed discovery. *See Roth v. CHA Hollywood Medical Ctr., L.P.*, No. 2:12-cv-07559-ODW(SHx), 2013 WL 12303362, *4 (C.D. Cal. Sep. 5, 2013); *Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 WL 3770052, at *2 (E.D. Cal. Aug. 8, 2018); *Ali v. Setton Pistachio of Terra Bella Inc.*, No. 1:19-cv-00959-NONE-BAM, 2021 WL 1187264, at *2 (E.D. Cal. Mar. 30, 2021).

As facts are disputed and there is a fair possibility that Turner can meet her burden with some discovery, jurisdictional discovery is appropriate. Turner has proposed some information, including class members' IP addresses, that may be helpful in establishing jurisdiction. Doc. 19 at 6. This is particularly likely given that her proposed class consists only of California residents. *See* Doc. 1-1 at ¶ 37. Though parties may not rely solely on class definition to establish a CAFA exception, district courts are also "permitted to make reasonable inferences from facts in evidence." *Mondragon*, 736 F.3d at 886. Evidence may be interpreted in light of Turner's class definition. Turner's problem is not that residency is a weak basis to infer citizenship. In fact, the Ninth Circuit has recognized that "residence constitutes *some* evidence of" citizenship. *Adams*, 958 F.3d at 1221. The problem for Turner is that she relied entirely upon her class definition, and the Ninth Circuit has clearly held that a class definition standing alone is insufficient. *Id.* at 1222. If Turner can provide some supporting evidence, there may be a strong argument in favor of the

home state exception.

At the same time, extensive discovery at this stage risks unduly burdening Google, particularly as Turner has provided only minimal explanation of what she will seek. Doc. 12 at 6–7. The discovery must be limited to addressing the relevant jurisdictional issue. The parties must therefore meet and confer and submit to the assigned magistrate judge a joint plan addressing the limited jurisdictional discovery to be sought.

**B. Motion to Transfer**

Google's motion to transfer, Doc. 15, is stayed. As Turner will have the opportunity to present a renewed motion to remand after jurisdictional discovery, the motion to transfer the case is stayed pending the court's ruling on a renewed motion to remand.

**C. Motion to Stay**

The case is otherwise stayed pending jurisdictional discovery, the resolution of the jurisdictional question, and the motion to transfer. A stay will not prejudice either party as it is unopposed. Doc. 18 at 2; Doc. 20 at 2. It would additionally waste judicial resources to rule on further arguments prior to deciding whether to remand or transfer this case.

## IV. CONCLUSION

For the reasons explained above:

1. Turner's motion to remand, Doc. 11, is DENIED WITHOUT PREJUDICE;
2. Turner is GRANTED leave to file a renewed motion to remand following jurisdictional discovery;
3. Turner is GRANTED leave to conduct jurisdictional discovery consistent with this Order;
4. Within 14 days of the entry of this Order, the parties shall meet and confer and file a plan for jurisdictional discovery and a proposed briefing schedule for a renewed motion to remand, for consideration by the assigned magistrate judge;
5. Turner's motion to stay the case, Doc. 13, is GRANTED;
6. Google's motion to transfer, Doc. 15, is STAYED pending resolution of Turner's renewed motion to remand; and

7. This matter is referred to the assigned magistrate judge to set a schedule for jurisdictional discovery and a briefing schedule on a renewed motion to remand.

IT IS SO ORDERED.

Dated: August 31, 2026

UNITED STATES DISTRICT JUDGE